Filed 5/28/26  P. v. Brooks CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>AKILAH ASHA BROOKS,<br><br>    Defendant and Appellant. | F089782<br><br>(Super. Ct. No. MCR043023)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Madera County.  Brian Enos, Judge.

Linda J. Zachritz, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Darren K. Indermill and Paul E. O'Connor Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Franson, Acting P. J., Snauffer, J. and DeSantos, J.

**INTRODUCTION**

Appellant Akilah Asha Brooks was committed to the Department of State Hospitals (DSH) after being found not guilty by reason of insanity (NGI) for possession of a weapon while in custody. The prosecution filed a petition to extend appellant's commitment and appellant's counsel waived jury trial on her behalf. After a bench trial, the court extended appellant's commitment. On appeal, appellant contends she was not advised of her right to a jury trial and did not personally waive that right. Therefore, her commitment must be reversed. The People agree and concede appellant's commitment should be reversed.

Our review of the record confirms the trial court violated appellant's right to a jury trial. We reverse the court's order and remand the matter for further proceedings.

**PROCEDURAL SUMMARY[1]**

In 2012, appellant was committed to the Department of State Hospitals (DSH) after being found not guilty by reason of insanity pursuant to Penal Code section 1026[2] for possessing a weapon in custody (§ 4502, subd. (a)). A few years later, appellant was transferred to the care of Central California Conditional Release Program (CONREP), an outpatient program. However, following a period of medication noncompliance, psychiatric decompensation, substance relapse, and aggression, appellant's outpatient status was revoked and she was readmitted to DSH.

In June 2024, the prosecution filed a petition to extend appellant's commitment under section 1026.5, subdivision (b). A court trial was held on May 5, 2025. Appellant testified on her own behalf and the prosecution presented their case by admitting two professional reports, a "[section]1026 Court Report" identified as exhibit A, filed on June 20, 2024, and a "Psychological Evaluation: Recommitment" by Michael D.

---

[1]    Facts from the underlying offense are not relevant to the issue raised on appeal and are therefore intentionally omitted.

[2]    Hereinafter, undesignated statutory references are to the Penal Code.

2.

Zimmerman, Ph.D., identified as exhibit B, filed on March 10, 2025.  The court extended appellant's commitment to December 2026.

Appellant timely filed a notice of appeal.

## RELEVANT BACKGROUND

On September 19, 2024, during a pretrial hearing regarding the petition, appellant expressed her desire to "take [the matter] to trial."  The trial court told defense counsel, "she wants to go to trial.  It is your decision as to which type of trial [it] is."  Defense counsel initially suggested continuing the matter to speak with appellant and decide whether to have a court trial or a jury trial.  However, the approaching December 28, 2024, deadline was brought up and, without pausing proceedings to speak with appellant, the following colloquy occurred:

"[DEFENSE COUNSEL]:  If the Court wants, we can — we can set a court trial date.

"[COURT]:  That's what I'm going to do.  You waive jury?

"[DEFENSE COUNSEL]:  Yes.

"[COURT]:  [Prosecution] waive?

"[PROSECUTION]:  Yes.

"[COURT]:  All right.  So I'll set the matter for trial, November 8th at 10:30 a.m. and trial confirmation, October 2nd at 8:30 a.m.  [Appellant] can appear on Zoom.  You are [going to] talk to her, right?

"[DEFENSE COUNSEL]:  Yes.

"[COURT]:  All right.  Your attorney is going to talk to you before October 2nd.

"[APPELLANT]:  Okay, Your Honor.

"[COURT]:  All right.  We're done."

3.

## DISCUSSION

Appellant contends the trial court deprived her of her right to a jury trial on the petition to extend her commitment section 1026.5, subdivision (b). Appellant argues that because there was no evidence that she lacked the capacity to waive her right to a jury trial, the court was required to advise her of her right to a jury trial and obtain a personal waiver from her. Because the court failed to obtain such personal waiver, it denied appellant her right to a jury trial and therefore, the court's order must be reversed. We agree.

**Applicable Law**

A defendant who is found NGI may be committed to a state hospital for a term equal to the maximum sentence the court could have imposed for the underlying offense. (§ 1026.5, subd. (a)(1).) A person's commitment may be extended beyond the maximum sentence, however, if certain procedures under subdivision (b) are followed. (*Id.*, subd. (a)(2).)

Section 1026.5, subdivision (b)(1) provides: "A person may be committed beyond the term prescribed by subdivision (a) only under the procedure set forth in this subdivision and only if the person has been committed under [s]ection 1026 for a felony and by reason of a mental disease, defect, or disorder represents a substantial danger of physical harm to others."

Section 1026.5, subdivision (b)(3) provides in part: "When the petition is filed, the court shall advise the person named in the petition of the right to be represented by an attorney and of the right to a jury trial." "The court shall conduct a hearing on the petition for extended commitment. The trial shall be by jury unless waived by both the person and the prosecuting attorney." (*Id.*, at subd. (b)(4).)

**Analysis**

Our Supreme Court in *People v. Tran* (2015) 61 Cal.4th 1160 (*Tran*) addressed the same issue raised by appellant challenging the trial court's failure to obtain a personal

4.

waiver of the right to a jury trial from the NGI defendant on a petition to extend the commitment. In *Tran*, a bench trial resulted in an order extending the commitment of an NGI defendant. (*Id.* at p. 1163.) The defendant appealed arguing his right to a jury trial was violated because the court did not advise him of his right to a jury trial nor obtain his personal waiver. (*Id*. at p. 1164.)

The *Tran* court began by noting the statutory language is unambiguous — the person named in the petition has the right to a jury trial, and the trial shall be by jury unless the person named in the petition waives said right. (*Tran*, *supra*, 61 Cal.4th at p. 1166.) The court recognized that although many NGI defendants lack the capacity to make a knowing and voluntary waiver of their right to a jury trial, there are also many who can understand the nature of legal proceedings and determine their own best interest. (*Id*. at p. 1167.) Balancing the NGI defendant's rights against any concerns regarding mental capacity, the *Tran* court concluded that in an NGI commitment extension hearing, "the decision to waive a jury trial belongs to the NGI defendant in the first instance, and the trial court must elicit the waiver decision from the defendant on the record in a court proceeding. But if the trial court finds substantial evidence that the defendant lacks the capacity to make a knowing and voluntary waiver, then control of the waiver decision belongs to counsel, and the defendant may not override counsel's decision. In this context, evidence is substantial when it raises a reasonable doubt about the defendant's capacity to make a knowing and voluntary waiver, and the trial court's finding of a reasonable doubt must appear on the record." (*Ibid*.)

In *Tran*, the record did not indicate that the trial court advised the defendant of his right to a jury trial, obtained a personal waiver, or found substantial evidence that he lacked the capacity to make a knowing and voluntary waiver. As such, *Tran* held that the trial court erred under sections 1026.5, subdivisions (b)(3) and (4). (*Tran*, *supra*, 61 Cal.4th at p. 1168.) Because section 1026.5, subdivision (b)(4) makes clear that "[t]he trial shall be by jury unless waived by both the person and the prosecuting attorney," the

*Tran* court declined to presume the defendant knowingly and voluntarily waived his right to a jury trial from a silent record. (*Tran*, at p. 1169.)

In the present case, there is nothing in the record showing the trial court advised appellant of her right to a jury trial, obtained a personal waiver from her, or made an explicit finding of substantial evidence that she lacked the capacity to make a knowing and voluntary waiver. Instead, the court accepted defense counsel's waiver of a jury trial without any advisements or personal waivers or findings. The record offers no explanation. Under these circumstances, there is no basis to infer appellant personally waived her right to a jury trial from the silent record. (See *Tran*, *supra*, 61 Cal.4th at pp. 1168–1169.) Therefore, the jury trial waiver is invalid.

When a trial court accepts an invalid jury trial waiver, it denies the defendant of his or her right to a jury which requires automatic reversal. (*Tran*, *supra*, 61 Cal.4th at p. 1169.) However, a "trial court's acceptance of counsel's waiver without an explicit finding of substantial evidence that the NGI defendant lacked the capacity to make a knowing and voluntary waiver may be deemed harmless if the record *affirmatively* shows that there was substantial evidence that the defendant lacked that capacity at the time of defense counsel's waiver." (*Id*. at p. 1170, italics added.) The requirement that there be an affirmative showing means that a valid waiver may not be presumed from a silent record. (*Ibid*.)

We agree with the parties that the record does not affirmatively show there was substantial evidence that appellant lacked the capacity to knowingly and voluntarily waive her right to a jury trial at the time defense counsel entered a waiver. (See *Tran*, *supra*, 61 Cal.4th at p. 1170.) We find no evidence in the pretrial hearing, appellant's testimony, or doctors' reports indicating appellant lacked the capacity to knowingly and voluntarily waiver her right to a jury trial. Rather, the record shows it was appellant who spoke up and said she wanted a trial when her defense counsel was discussing a waiver, demonstrating at least an awareness of the nature of the proceedings. In response,

defense counsel did not suggest appellant lacked the capacity to make that decision but instead acknowledged her request and asked for a continuance to speak with appellant about her trial options.

Accordingly, we conclude the trial court erred by accepting defense counsel's waiver of a jury trial without advising appellant of her right to a jury trial and obtaining her personal waiver, or without an explicit finding of substantial evidence that appellant lacked the capacity to make a knowing and voluntary waiver. Additionally, because the record does not affirmatively show appellant lacked the capacity to waive her right to a jury trial, the court's failure to obtain a valid jury waiver from appellant requires reversal. (*Tran*, *supra*, 61 Cal.4th at p. 1169.)

## DISPOSITION

We reverse the May 5, 2025 order extending appellant's commitment under section 1026.5, subdivision (b)(1) and remand the matter for proceedings consistent with this opinion.